# IN THE COURT OF APPEALS OF TENNESSEE

## EASTERN SECTION AT KNOXVILLE

FILED

October 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

RONALD STEPHEN COFER,    )    BRADLEY CIRCUIT
    )
    Plaintiff/Appellee    )    NO. 03A01-9705-CV-00173
    )
v.    )
    )
LYNDA SUSAN DAVIS COFER,    )    HON. STEPHEN BEBB
    Defendant/Appellant    )    JUDGE
    )
    Defendant/Appellant    )    AFFIRMED

D. Mitchell Bryant, Cleveland, for Appellant.

Ron D. Powers, Chattanooga, for Appellee.

## MEMORANDUM OPINION

INMAN, Senior Judge

The appellant argues that (1) the Court erred in awarding both parties a divorce, insisting that she should have been awarded a divorce; (2) the Court failed to award her sufficient alimony; (3) the Court should have awarded the entire interest in the marital residence to her, rather than a 50 percent interest; (4) the Court failed to award her a reasonable attorney fee.

The record reveals that the marital estate was equitably and fairly divided and that the award of alimony was likewise equitable and in keeping with the circumstances of the parties. Since the allowance of attorney fees is ordinarily a matter of judicial discretion, the record reveals no abuse of this judicial prerogative.

This case is peculiarly adaptive to the application of RULE 10, RULES OF THE COURT OF APPEALS,[1] and the judgment is accordingly affirmed at the costs of the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge



_____
Herschel P. Franks, Judge

---

[1] **10. Affirmance Without Opinion - Memorandum Opinion.**
   **(b) Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]

2